

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00026-CV

ROBERT TROY MCCLURE, Appellant

V.

STATE OF TEXAS, ET AL., Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 12C0711-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Robert Troy McClure appeals the trial court's dismissal of his inmate lawsuit against the State of Texas for failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code and the trial court's order declaring him a vexatious litigant. For the reasons set forth below, we dismiss the appeal for want of jurisdiction.

A court may enter an order prohibiting a person from filing new litigation in a court in this state if the person is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a)(1) (West Supp. 2014). McClure has been on the State of Texas' list of vexatious litigants since December 10, 2012. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051–.057 (West 2002 & Supp. 2014). Pursuant to an order issued by the 12th Judicial District Court of Walker County, Texas, McClure is specifically prohibited from "filing any more litigation in Texas courts without permission of a local administrative judge." Order and Pre-Filing Order, *Robert Troy McClure, TDCJ #1420457 v. Texas Dept. of Corr., et al.,* No. 26040 (12th Jud. Dist. Ct. Walker Cnty. Dec. 10, 2012), *available at* http://www.txcourts.gov/All_Archived_Documents/ JudicialInformation/oca/pdf/vex/RobertMclures2013.pdf; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.103 (West Supp. 2014).

A "local administrative judge . . . may grant permission to a vexatious litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d) (West Supp. 2011). "[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious

litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West Supp. 2014). If the clerk mistakenly files the litigation without an order from the local administrative judge, as was done here, any party may file with the clerk and serve on the plaintiff and other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(a) (West Supp. 2014). On the filing of the notice, the court is required to dismiss the suit unless the plaintiff, within ten days after the notice is filed, obtains an order from the local administrative judge permitting the filing of the litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (West Supp. 2014)

Permission from the local administrative judge was required as a prerequisite to the filing of this appeal. Here, the appellate record failed to demonstrate that McClure requested such permission. Noting this defect, we provided notice to McClure on January 16, 2015, requesting that he show this Court how we had jurisdiction over this appeal.[1] To date, there has been no response demonstrating that the proper procedure set forth in Chapter 11 of the Texas Civil Practice and Remedies Code has been followed. Accordingly, a prerequisite to filing suit was not met, and this appeal should not have been filed.

---

[1]Ample time to allow McClure to present the case to the local administrative judge was afforded.

3

Consequently, we dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     January 30, 2015
Date Decided:       February 27, 2015